IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

EILEEN MOORE, as biological mother, next )
friend, and power of attorney/attorney-in-fact )
for DONALD E. MOORE and TYLER E. )
MOORE, )
                                                    )   Case No.:_____
     Plaintiff, )
                                                    )   JURY DEMANDED
v. )
                                                    )
BRADLEY COUNTY SCHOOLS, AND )
AMERICAN SCHOOL FOR THE DEAF )
INSTITUTE OF DEAF EDUCATION AND
CULTURE, INC.,

     Defendants.

## COMPLAINT

Comes the Plaintiff, Eileen Moore, as biological mother, next friend, and power of attorney/attorney-in-fact for Donald E. Moore and Tyler E. Moore, by and through counsel, and sues the Defendants Bradley County Schools (hereinafter "Bradley County") and American School for the Deaf Institute of Deaf Education and Culture, Inc. (hereinafter "American School for the Deaf") pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.* and Individual With Disabilities Education Act, 20 U.S.C. § 1400, *et. seq.* and for cause of action claims and alleges as follows:

1.    The Plaintiff, Eileen Moore, is the biological mother, next friend, and power of attorney/attorney-in-fact for Donald E. Moore and Tyler E. Moore. Donald E. Moore and Tyler E. Moore are both students who have received services in accordance with Individuals With Disabilities Education Act, at Farris Institutions. Donald E. Moore and Tyler E. Moore are deaf.

2. The Defendant, Bradley County Schools is a school district located in Bradley County, Tennessee. Bradley County contracts with American School for the Deaf to provide services either agreed to or mandated to its students with disabilities with a goal of providing such students with a free and appropriate public education or FAPE. Accordingly, Bradley County is liable for the decisions and all actions or inactions of its contractor American School for the Deaf. This Defendant receives federal financial assistance.

3. The Defendant American School for the Deaf Institute of Deaf Education and Culture, Inc. (hereinafter "American School for the Deaf"), contracts its services to multiple school districts, including Defendant Bradley County in order to effectuate achieving FAPE for students with disabilities in accordance with federal law. This Defendant receives federal financial assistance.

4. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue was within this district pursuant to 28 U.S.C. § 1391.

5. Students Donald E. Moore and Tyler E. Moore enrolled in Bradley County Schools in August 2024. By agreement between Bradley County Schools and Plaintiff, students Donald E. Moore and Tyler E. Moore attended Bradley County virtual school and its offered virtual learning options. The virtual learning option agreed upon by Plaintiff, Defendant Bradley County, and Defendant American School for the Deaf involved virtual instruction to be received directly from American School for the Deaf to be provided in the residence of Donald E. Moore and Tyler E. Moore. At all times material herein, students Donald E. Moore and Tyler E. Moore performed were receiving instruction from various teachers and instructors associated with American School for the Deaf from their residence and were proceeding to earn credits toward graduation.

6. The Plaintiff avers that following an Individualized Education Program or "IEP" team meeting in early February 2025, an official associated with American School for the Deaf unilaterally informed Plaintiff that officials from the American School for the Deaf desired that instruction in the Plaintiff's residence cease February 10, 2025, allegedly due to Plaintiff "eavesdropping" on classwork being performed by her sons which the officials from American School for the Deaf claimed violated its agreement to provide services to Donald E. Moore and Tyler E. Moore. Also, American School for the Deaf officials alleged that Plaintiff acted in derogation of the Family Educational Rights and Privacy Act or "FERPA." Plaintiff avers that the taking of that action which would unilaterally change the venue which had been previously agreed upon between American School for the Deaf without holding an IEP meeting in derogation of the required collaborative decision-making process was unlawful, and therefore question it. Nevertheless, on February 10, 2025, Defendant American School for the Deaf did cease providing services in Plaintiff's residence to Donald E. Moore and Tyler E. Moore. Plaintiff avers that the decision was made unilaterally and illegally.

7. Following American School for the Deaf's unilateral decision, Bradley County did offer the brick and mortar virtual school for Donald E. Moore and Tyler E. Moore to receive agreed upon services from the American School for the Deaf in an attempt to continue "classroom content" which would allow Plaintiff's sons the opportunity to continue to earn credits toward graduation. Yet, it is unknown, if American School for the Deaf either agreed to this proposal or any of the details needed to be agreed upon to effectuate this proposal as the decision by the American School for the deaf was made unilaterally and without the involvement of Plaintiff or in the context of an IEP meeting as required. Plaintiff avers that the school district of Bradley County, Tennessee communicated its ideas to the Plaintiff as this Defendant is responsible to oversee the

conduct of its provider and is ultimately responsible for insuring procedural compliance with all federal law governing the education of protected students with disabilities.

8. Plaintiff avers that the unilateral decision of American School for the Deaf to cease virtual instruction to Donald E. Moore and Tyler E. Moore at the residence of the Plaintiff adversely affected both Donald E. Moore and Tyler E. Moore. Medical providers of Donald E. Moore and Tyler E. Moore uniformly have advised that any substantial disruption in the educational environment would greatly and adversely impact progress of Donald E. Moore and Tyler E. Moore. This had been made known to both Defendants prior to the enrollment of Donald E. Moore and Tyler E. Moore in August 2024 and prior to the express agreement of the American School for the Deaf to provide services and instruction to Donald E. Moore and Tyler E. Moore at Plaintiff's residence. The disruption of the educational environment by the American School for the Deaf and its unilateral decision to cease instruction at the residence of the Plaintiff beginning February 10, 2025 adversely affected the mental state of both Donald E. Moore and Tyler E. Moore and their ability to learn and earn credits to graduate.

9. Plaintiff avers that the Defendants are liable to Plaintiff under 42 U.S.C. § 1983. Plaintiff avers that the unilateral exclusion of Donald E. Moore and Tyler E. Moore from services and instruction by the American School for the Deaf while enrolled in the school district for Bradley County under which the services and instruction was provided deprived Plaintiff, as power of attorney/attorney-in-fact of Donald E. Moore and Tyler E. Moore, of her federal constitutional right to due process protected by the Fifth and Fourteenth Amendment to the United States Constitution. Furthermore, the aforementioned conduct, also violated the rights of the Plaintiff, as power of attorney/attorney-in-fact of Donald E. Moore and Tyler E. Moore, under the Americans With Disabilities Act, the Rehabilitation Act of 1973, and the Individuals With Disabilities

Education Act and accordingly, denied Plaintiff as the power of attorney/attorney-in-fact of Donald E. Moore and Tyler E. Moore of Free Appropriate Public Education or FAPE.

10. Plaintiff avers that the Defendants are liable under the Americans With Disabilities Act as well as the Rehabilitation Act of 1973. Plaintiff avers that the Defendants are liable as a result of the unilateral decision by the Defendant American School for the Deaf to cease services and instruction of Donald E. Moore and Tyler E. Moore at the residence of the Plaintiff, and also failing to accommodate Plaintiff as power of attorney/attorney-in-fact of Donald E. Moore and Tyler E. Moore reasonably or make any decision relative to Donald E. Moore and Tyler E. Moore in accordance with the mandates of the Individuals With Disabilities Education Act. Plaintiff avers that Defendants are liable to Plaintiff as biological mother, next friend, and power of attorney/attorney-in-fact for Donald E. Moore and Tyler E. Moore for the violations of their federal constitutional rights and federal law hereinbefore described. The Plaintiff avers that as a result of the deprivations by the Defendants, Plaintiff, as biological mother, next friend, and power of attorney/attorney-in-fact for Donald E. Moore and Tyler E. Moore has sustained monetary damages for the disruption of the educational environment as described on February 10, 2025, and thereafter, causing great physical and emotional distress, mental pain and suffering, lost opportunities, and convenience, and other factors resulting in the deprivation of educational opportunities.

WHEREFORE, Plaintiff Eileen Moore, as biological mother, next friend, power of attorney/attorney-in-fact for Donald E. Moore and Tyler E. Moore demands judgment for compensatory damages against the Defendants in an amount to be proven at trial, the costs of this cause, all fees and costs allowable by 42 U.S.C. § 1988, and further demands a jury to try this cause.

Respectfully submitted this 10th day of February, 2026.

**LAW OFFICE OF ARTHUR F. KNIGHT, III**

*/s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
Phone: 865-252-0430
art@artknightlaw.com

*Attorney for Plaintiff*