IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

EILEEN MOORE, as biological mother, next )
friend, and power of attorney/attorney-in-fact )
for DONALD E. MOORE and TYLER E. )
MOORE; DONALD E. MOORE and )
TYLER E. MOORE, individually, )
                                                 )    Case No.: 1:26-cv-00031
                                                 )
      Plaintiffs, )
                                                 )    JURY DEMANDED
v. )
                                                 )
BRADLEY COUNTY SCHOOLS, AND THE )
AMERICAN SCHOOL, AT HARTFORD, )
FOR THE DEAF, )
                                                 )
      Defendants. )
                                                 )

## SECOND AMENDED COMPLAINT

Come the Plaintiffs, Eileen Moore, as biological mother, next friend, and power of attorney/attorney-in-fact for Donald E. Moore and Tyler E. Moore, and Donald E. Moore and Tyler E. Moore, individually, by and through counsel, and sues the Defendants Bradley County Schools (hereinafter "Bradley County") and The American School, At Hartford, For the Deaf (hereinafter "The American School, at Hartford") pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.* and Individual With Disabilities Education Act, 20 U.S.C. § 1400, *et. seq.* and for cause of action claims and alleges as follows:

1.      The Plaintiff, Eileen Moore, is the biological mother, next friend, and power of attorney/attorney-in-fact for Donald E. Moore and Tyler E. Moore. Donald E. Moore and Tyler E. Moore are both students who have received services in accordance with Individuals With

Disabilities Education Act, at Farris Institutions. Donald E. Moore and Tyler E. Moore are deaf, and disabled.

2. The Plaintiffs, Donald E. Moore and Tyler E. Moore are deaf and disabled. These Plaintiffs are twins, and over the age of eighteen (18), but potentially incompetent to bring this action, so the same is also brought on their behalf by their biological mother, as pled in Paragraph 1 of the First Amended Complaint, and accordingly, Plaintiffs do not oppose the Court, in its discretion, dropping either their biological mother as a party, or Donald E. Moore and Tyler E. Moore, individually, as parties under the Federal Rules of Civil Procedure. Nonetheless, the action seeks relief for Donald E. Moore, and Tyler E. Moore, and no one else. For the purpose of this pleading, Ms. Moore, Donald E. Moore and Tyler E. Moore will be referred to as **"Plaintiffs."**

3. The Defendant, Bradley County Schools is a school district located in Bradley County, Tennessee. Plaintiffs aver Bradley County contracts with The American School, at Hartford to provide services either agreed to or mandated to its students with disabilities with a goal of providing such students with a free and appropriate public education or FAPE. Accordingly, Bradley County may be liable for the decisions and all actions or inactions of its contractor The American School, at Hartford, and under 42 U.S.C. § 1983 to the extent the decision by a provider is ratified, or a policy or custom exists of this Defendant, or any other aspect of government entity liability under 42 U.S.C. § 1983. Plaintiffs aver that this Defendant has not only consistently ratified the subject decision of its provider, The American School, at Hartford, but also that its provider's decision reflects the policies and customs of this Defendant, and the moving force behind the violation of the federal constitutional rights of David E. Moore and Tyler E. Moore. This Defendant receives federal financial assistance.

2

4. The Defendant The American School, at Hartford, For the Deaf (hereinafter "The American School, at Hartford"), contracts its services to multiple school districts, including Defendant Bradley County in order to effectuate achieving FAPE for students with disabilities in accordance with federal law. This Defendant receives federal financial assistance. Plaintiff avers this Defendant was a State actor acting under color of law.

5. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue was within this district pursuant to 28 U.S.C. § 1391.

6. Donald E. Moore and Tyler E. Moore enrolled in Bradley County Schools in August 2024. By agreement between Bradley County Schools and Plaintiffs, students Donald E. Moore and Tyler E. Moore attended Bradley County virtual school and its offered virtual learning options. The virtual learning option agreed upon by Plaintiffs, Defendant Bradley County, and Defendant The American School, at Hartford involved virtual instruction to be received directly from The American School, at Hartford to be provided only in the residence of Donald E. Moore and Tyler E. Moore. At all times material herein, students Donald E. Moore and Tyler E. Moore were receiving instruction from various teachers and instructors associated with The American School, at Hartford from their residence and were proceeding to earn credits toward graduation.

7. The Plaintiffs aver that following an Individualized Education Program or "IEP" team meeting in early February 2025, an official associated with The American School, at Hartford unilaterally and against the agreement previously reached among the parties stated that officials from the The American School, at Hartford desired that instruction in the Plaintiffs' residence cease February 10, 2025, allegedly due to Ms. Moore "eavesdropping" on classwork being performed by her sons which the officials from The American School, at Hartford falsely claimed violated its agreement to provide services to Donald E. Moore and Tyler E. Moore. Also, The American

3

School, at Hartford officials falsely alleged that Ms. Moore acted in derogation of the Family Educational Rights and Privacy Act or "FERPA." Plaintiffs aver that the taking of that action which would unilaterally change the venue which had been previously agreed upon between The American School, at Hartford without holding an IEP meeting in derogation of the required collaborative decision-making process was unlawful, and dispute all allegations made in support of the decision to cease instruction at the residence. Nevertheless, on February 10, 2025, Defendant The American School, at Hartford did cease providing services in Plaintiffs' residence to Donald E. Moore and Tyler E. Moore. Plaintiffs aver that the decision was made unilaterally and illegally and against the specific agreement of the parties.

8. Following The American School, at Hartford's unilateral decision, Bradley County offered the brick and mortar virtual school for Donald E. Moore and Tyler E. Moore to receive services from the The American School, at Hartford in an attempt to continue "classroom content" which would allow Ms. Moore's sons the opportunity to continue to earn credits toward graduation, since the The American School, at Hartford, despite previously agreeing to provide services in the Moore residence, suddenly, unilaterally, and illegally ceased providing this agreed upon service. Plaintiffs aver that the school district of Bradley County, Tennessee communicated its ideas to the Plaintiffs as this Defendant is responsible to oversee the conduct of its provider and is ultimately responsible for insuring procedural compliance with all federal law governing the education of protected students with disabilities.

9. Plaintiffs aver that the unilateral decision of The American School, at Hartford to cease virtual instruction to Donald E. Moore and Tyler E. Moore at the residence of the Plaintiffs adversely affected both Donald E. Moore and Tyler E. Moore. Medical providers of Donald E. Moore and Tyler E. Moore uniformly have advised that any substantial disruption in the

4

educational environment would greatly and adversely impact progress of Donald E. Moore and Tyler E. Moore. This had been made known to both Defendants prior to the enrollment of Donald E. Moore and Tyler E. Moore in August 2024 and prior to the express agreement of the The American School, at Hartford to provide services and instruction to Donald E. Moore and Tyler E. Moore at Plaintiffs' residence. The disruption of the educational environment by the The American School, at Hartford and its unilateral decision to cease instruction at the residence of the Plaintiffs beginning February 10, 2025 adversely affected the mental state of both Donald E. Moore and Tyler E. Moore and their ability to learn and earn credits to graduate.

10. Plaintiffs aver that the Defendants are liable to Plaintiffs under 42 U.S.C. § 1983. Plaintiff avers that the unilateral exclusion of Donald E. Moore and Tyler E. Moore from services and instruction by the The American School, at Hartford while enrolled in the school district for Bradley County under which the services and instruction was provided deprived Plaintiffs, of the federal constitutional right of Donald E. Moore and Tyler E. Moore to due process and equal protection protected by the Fifth and Fourteenth Amendment to the United States Constitution.

11. Plaintiffs do not doubt that Defendants, either one or both, will argue that Plaintiffs have not exhausted administrative remedies under the Individuals With Disabilities Education Act, or some other statute, to the extent the concept of exhaustion even applies to the instant case. Plaintiffs do allege that proceedings prior to the filing of this action were attempted after The American School, at Hartford unilaterally, without evidence, and in derogation of its express agreement unilaterally ceased providing in-residence services to Donald E. Moore and Tyler E. Moore despite knowledge that the same would result in a substantial disruption to their educational environment and would greatly and adversely impact the progress of Donald E. Moore and Tyler E. Moore. Plaintiffs aver that an error disrupted the mechanics and/or setup of scheduling a

5

settlement conference, and Ms. Moore attempted to file two (2) due process claims with the Tennessee Department of Education during 2025 but obtained no relief regarding the subject of this action. Accordingly, this action followed.

12. Plaintiffs also aver that the Defendants are liable under the Americans With Disabilities Act as well as the Rehabilitation Act of 1973. Plaintiffs aver both Defendants are liable as the result of the unilateral decision by Defendant The American School, at Hartford to cease services and instruction of Donald E. Moore and Tyler E. Moore at their residence. Plaintiffs aver that Donald E. Moore and Tyler E. Moore are both qualified individuals with a disability recognized by the Americans With Disabilities Act, the Rehabilitation Act of 1973, and Defendants. Defendants previously agreed with Plaintiffs that The American School, at Hartford would provide services to Donald E. Moore and Tyler E. Moore at their residence as a reasonable accommodation and did so for months. The unilateral decision to cease all services at Plaintiffs' residence was discriminatory, predicated on the disability of Donald E. Moore and Tyler E. Moore, caused a substantial disruption in the educational environment of Donald E. Moore and Tyler E. Moore, and caused Donald E. Moore and Tyler E. Moore great mental distress, mental pain and suffering, lost opportunities and convenience, and other factors resulting in the deprivation of educational opportunities.

WHEREFORE, Plaintiffs Eileen Moore, as biological mother, next friend, power of attorney/attorney-in-fact for Donald E. Moore and Tyler E. Moore, and Donald E. Moore and Tyler E. Moore, individually, demand judgment for compensatory damages against the Defendants in an amount to be proven at trial, the costs of this cause, all fees and costs allowable by 42 U.S.C. § 1988, and further demands a jury to try this cause.

Respectfully submitted this 6th day of July, 2026.

LAW OFFICE OF ARTHUR F. KNIGHT, III

/s/Arthur F. Knight, III

Arthur F. Knight, III, BPR #016178
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
Phone: 865-252-0430
art@artknightlaw.com

*Attorney for Plaintiff*

7