# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

EILEEN MOORE, as biological mother, )
next friend, and power of attorney/ )
attorney-in-fact for DONALD E. )
MOORE and TYLER E. MOORE, )
          )
      Plaintiff, )
          )
v. )
          )      **Case No. 1:26-cv-00031**
BRADLEY COUNTY SCHOOLS, AND )
THE AMERICAN SCHOOL AT )
HARTFORD FOR THE DEAF, )
          )
      Defendants. )

## BRADLEY COUNTY SCHOOLS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

**NOW COMES** Bradley County Schools, by and through counsel, and in support of its Motion to Dismiss, would show this Court that the Plaintiffs have failed to exhaust administrative remedies; they have not pled a claim for relief under Title II of the ADA or Section 504 of the Rehabilitation Act; nor have they pled a claim for relief under the Equal Protection Clause of the Fourteenth Amendment. Accordingly, their Second Amended Complaint should be dismissed. *Fed. R. Civ. P*. 12(b)(6).

## STATEMENT OF THE CASE

On July 6, 2026, the Plaintiffs filed a Second Amended Complaint, Doc. 20. In material part, this Second Amended Complaint alleges denial of a free, appropriate public education (FAPE) under the Individuals with Disabilities Education Act (IDEA). The Plaintiffs state that this Defendant, Bradley County Schools, "contracts with The American School, at Hartford to

provide services either agreed to or mandated to its student with disabilities with a goal of providing such students with a free and appropriate public education or FAPE"; that Defendant The American School, at Hartford "contracts its services to multiple school districts…in order to effectuate achieving FAPE for students with disabilities"; that "at all times material herein, [Plaintiffs] were receiving instruction from various teachers and instructors associated with The American School, at Hartford"; that The American School, at Hartford unilaterally changed Plaintiffs' placement "without holding an IEP meeting in derogation of the required collaborative decision-making process"; that Bradley County Schools offered Plaintiffs a reasonable accommodation following Defendant The American School, at Hartford's decision because Bradley County Schools "is ultimately responsible for insuring procedural compliance with all federal law governing the education of protected students with disabilities"; and that these unilateral decisions deprived Plaintiffs of "due process," resulting in "the deprivation of educational opportunities." (Doc. 20 at ¶¶ 3-4, 6-8, 10, 12).

In addition to alleging denial of FAPE under the IDEA, the Plaintiffs also assert that the Defendants have violated Title II of the Americans with Disabilities Action, Section 504 of the Rehabilitation Act, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (Doc. 20 at ¶¶ 10, 12).

### STATEMENT OF THE FACTS

The Plaintiffs aver that the two Student-Plaintiffs, Donald E. Moore and Tyler E. Moore, enrolled in Bradley County Schools in August 2024 and attended the virtual school to participate in its "virtual learning options." The parties agreed that The American School, at Hartford would provide the virtual instruction with its own teachers under the banner of Bradley County Schools while the Student-Plaintiffs remained at their own residence. (Doc. 20 at ¶ 6).

2

In February 2025, however, The American School, at Hartford announced that it would cease providing in-home virtual instruction to the Student-Plaintiffs on the belief that Ms. Moore had been eavesdropping on her sons' classwork in violation of the virtual school agreement. The Plaintiffs deny that Ms. Moore was eavesdropping on the class and further deny that she had violated the conditions of the in-home virtual instruction. The Plaintiffs aver that The American School, at Hartford made this decision unilaterally and illegally. Notably, they do not allege that The American School, at Hartford made this decision knowing that its rationale was false or that its stated reason was mere pretext for intentional discrimination. (Doc. 20 at ¶ 7).

In response to this decision by The American School, at Hartford, Bradley County Schools offered to host continued virtual instruction on the campus of its brick-and-mortar virtual school, where the Student-Plaintiffs were technically enrolled, and "which would allow [the Student-Plaintiffs] the opportunity to continue to earn credits towards graduation…." (Doc. 20 at ¶ 8). While the Plaintiffs allege that medical providers have advised against any "substantial disruption" to the Student-Plaintiffs' educational environment, they do not allege how virtual education on the campus of Bradley County Schools' virtual school would have been substantially different from virtual education in their home. They do not even allege that the initial decision to offer virtual education in the home was anything more than a convenience. More notably, they do not allege that the offer of virtual education on the campus of the Bradley County virtual school was an unreasonable accommodation once The American School, at Hartford discontinued services in the Moore's home.

## **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. To survive this test, the complaint must contain "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "has facial plausibility" when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes the complaint in the light most favorable to the plaintiff, accepts all well-pled factual allegations as true, and draws all reasonable inferences in his favor. *See Hogan v. Jacobson,* 823 F.3d 872, 884 (6th Cir. 2016). But a "legal conclusion couched as a factual allegation" is not entitled to the same treatment. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting *Fed. R. Civ. P*. 8(a)(2)).

## <u>ARGUMENT OF LAW</u>

The Second Amended Complaint fails to state a claim upon which relief may be granted because the Plaintiffs have not exhausted administrative remedies for their FAPE and procedural due process claims; they have not alleged either intentional discrimination or failure to accommodate in violation of Title II or Section 504; and they have neither alleged that the Student-Plaintiffs were treated differently because of their disability nor that the Defendants lacked a rational basis for their decisions.

### I.      **The Plaintiffs Have Not Exhausted Their Administrative Remedies.**

Without question, the Second Amended Complaint alleges the Defendants denied the Student-Plaintiffs FAPE without following the procedural safeguards of the IDEA. This alleged failure to follow these procedural safeguards underpins the Plaintiffs' claim that the Defendants violated the due process clause of the Fifth and Fourteenth Amendments. (Doc. 20 at ¶¶ 7, 10).

4

But the Plaintiffs cannot claim the protection of the IDEA without first following the IDEA's administrative procedures.

The educational opportunities and the procedures intended to protect students with disabilities from alleged unilateral changes in placement exist only because Congress enacted them as part of the IDEA. *See* 20 U.S.C. § 1415(b)(1), (3), (6), and (c)(1). Thus, Plaintiffs are seeking relief only available under the IDEA and must therefore exhaust the IDEA's administrative remedies before proceeding in federal court. *See* 20 U.S.C.§ 1415(l); *See also Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 752 (2017); *Perez v. Sturgis Public Schools*, 143 S.Ct. 859 (2023).

In *Fry*, the Supreme Court instructs courts to disregard "the use (or non-use) of particular labels and terms" and instead focus upon whether the plaintiff is "in essence contesting the adequacy of a special education program." *Fry*, 137 S. Ct. at 755. The Supreme Court offers two hypothetical questions that might aid a court in determining the crux of the plaintiff's actual complaint:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library? And second, could an adult at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward. But when the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

*Id*. at 756.

As the Second Amended Complaint makes clear, the respective obligations of the Defendants arise exclusively under the IDEA. Plaintiffs would have no right to receive comparable services in their home from any other public agency, and no adult would have had a right to press a similar claim for services against these Defendants. The IDEA requires the Plaintiffs to have exhausted their administrative remedies before filing suit in federal court.

Indeed, Plaintiffs do not truly contest that point. Instead, they tepidly assert that they have exhausted administrative remedies, but that is incorrect. Attached as **Collective Exhibit 1** are the two complaints for due process the mother attempted to file with the Tennessee Department of Education on behalf of her adult sons. Also attached as **Collective Exhibit 2** are the two orders dismissing these complaints without prejudice, the first because the mother lacked standing to file on behalf of her adult son, and the second because she had not articulated a claim for relief available under the IDEA. The Tennessee Department of Education has yet to hear the merits of Plaintiffs' complaint.[1]

Because the Plaintiffs are asserting denial of FAPE without due process of law, and because they have not filed a proper complaint for due process with the Tennessee Department of Education, they have not stated a claim upon which this Court may grant relief. The entire matter should be dismissed.

---

[1] When considering a motion to dismiss under Rule 12(b)(6), a district court may consider documents referenced in the plaintiff's complaint without converting the motion into one for summary judgment. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Here, in Paragraph 11, the Plaintiffs expressly state that "Ms. Moore attempted to file two (2) due process claims with the Tennessee Department of Education during 2025 but obtained no relief…." The attached exhibits, therefore, are items referenced in the complaint.

6

**II.     The Plaintiffs Have Not Pled a Violation of Title II or Section 504.**

While the Plaintiffs have alleged that the Student-Plaintiffs are disabled, i.e., deaf, and while they allege that they have suffered a wrong, they have not alleged a *prima facie* case of discrimination in violation of Title II or Section 504.  Accordingly, this Court should dismiss both claims.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12312.  Section 504 of the Rehabilitation Act generally applies that same prohibition to any federally funded "program or activity," but the causation standard is higher— any discrimination must occur "solely by reason of" the plaintiff's disability. 29 U.S.C. § 794(a). "Apart from § 504's limitation to denials of benefits 'solely' by reason of disability and its reach of only federally funded—as opposed to 'public'—entities, the reach and requirements of . . . [Title II and Section 504] are precisely the same." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452-53 (6th Cir. 2008) (cleaned up).  Accordingly, analysis of Title II claims generally "applies to claims made pursuant to . . . the Rehabilitation Act." *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 201 (6th Cir. 2010) (citations omitted).

A plaintiff may raise two types of disability discrimination claims: "claims for intentional discrimination" and claims for failure to provide "a reasonable accommodation." *Roell v. Hamilton Cnty.*, 870 F.3d 471, 488 (6th Cir. 2017) (citation omitted).  It is unclear what precise theory or theories Plaintiffs intend to allege inasmuch as they have not successfully alleged either.

Generally, to plead a *prima facie* case of intentional discrimination, the complaint must plead facts sufficient to infer that (1) plaintiff "has a disability; (2) she is otherwise qualified [to participate in the program]; and (3) she was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015) (citation omitted). The plaintiff must allege facts sufficient to establish that "animus against the protected group was a significant factor in the position taken" by the defendant. *Id.* (citations and quotations omitted). "Further, the plaintiff must show that the discrimination was *intentionally* directed toward him or her in particular." *Id.* (citation and quotation omitted).

In contrast, a failure to accommodate claim requires a plaintiff to show that the defendant refused to make a reasonable accommodation for the plaintiff's disability. *See Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 983 (6th Cir. 2011). The plaintiff bears the initial burden of requesting an accommodation. *Id.* A defendant "is generally not liable for failing to make reasonable accommodation if the plaintiff did not request accommodation or otherwise alert the covered entity to the need for" the accommodation. *Marble v. Tennessee*, 767 F. App'x 647, 652 (6th Cir. 2019) (citing *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1046-47 (6th Cir. 1998)). Further, the plaintiff must "show that the defendant reasonably could have accommodated . . . [her] disability but refused to do so, and that this failure to accommodate impeded . . . [her] ability to participate in, or benefit from, the subject program." *Knox Cnty. v. M.Q.*, 62 F.4th 978, 1000 (6th Cir. 2023) (cleaned up) (citations and quotations omitted). "The plaintiff must establish both that . . . [her] preferred accommodation was reasonable, *and* that the accommodation provided to . . . [her] was unreasonable." *Id.* (citing *Doe ex rel. K.M. v. Knox Cnty. Bd. of Educ.*, 56 F.4th 1076, 1088 (6th Cir. 2023)).

8

In the case at bar, the Plaintiffs do not allege facts sufficient to infer that either Defendant discontinued in-home virtual education for the Student-Plaintiffs because of their disability, much less that either Defendant was hostile toward the Student-Plaintiffs because of their disability. Quite to the contrary, the Plaintiffs allege that both Defendants were aware of the Student-Plaintiffs' disability and worked to develop a virtual education program for them that would allow them the convenience of learning at home. It is much more plausible, given the stated facts of the Plaintiffs' Second Amended Complaint, that The American School, at Hartford actually believed, however erroneously, that Ms. Moore had violated what it believed to have been an agreed upon condition of its services. One would have to speculate to infer that either Defendant was motivated by a discriminatory animus.

If the Plaintiffs intend to raise a failure to accommodate claim, then it fares no better. The Plaintiffs do not allege that the initial decision to provide in-home access to virtual education was an accommodation for the Student-Plaintiffs' deafness, nor do they allege that the Student-Plaintiffs were unable to attend school on campus. Likewise, the do not allege that they asked for an accommodation when The American School, at Hartford discontinued in-home services. Even so, they concede that Bradley County Schools then offered to educate the Student-Plaintiffs on the campus of its brick-and-mortar virtual school. The Plaintiffs rejected this offer, but they do not explain why this proposed accommodation would have been unreasonable. They do not even allege that the Student-Plaintiffs attempted this accommodation to see if it could be modified to fit their needs. Once again, the Plaintiffs do not even claim that the Student-Plaintiffs would have been unable by reason of their deafness to have attended the brick-and-mortar virtual school at the outset.

9

Yes, the Plaintiffs allege that The American School, at Hartford's discontinuation of in-home services was substantially disruptive, and they further allege that medical providers had recommended against any such substantial disruption, but they offer no facts to explain how a deaf student would be any less capable of accessing an education in a brick-and-mortar virtual classroom than he would have from home. They certainly offer no facts from which this Court can infer that the brick-and-mortar option, under these circumstances, was unreasonable.

The Plaintiffs have not alleged that Bradley County Schools intentionally discriminated against the Student-Plaintiffs on the basis of their deafness, nor have they alleged that Bradley County Schools failed to accommodate their disability. In the absence of such allegations, they have failed to state a claim for relief for violation of Title II or Section 504.

### III. The Plaintiffs Have Failed to State a Claim under the Equal Protection Clause.

While the Plaintiffs offer an oblique reference to the Equal Protection Clause of the Fourteenth Amendment, they offer no facts in support of the claim that the Defendants discriminated against them in violation of the Constitution. This Court should therefore dismiss this claim.

A claim for disability discrimination will rarely state a claim under the Equal Protection Clause. "Disabled persons are not a suspect class for purposes of an equal protection challenge. A state may therefore treat disabled persons differently, so long as its actions are rationally related to some legitimate governmental purpose." *S.S v. Eastern Kentucky University*, 532 F.3d 445, 457 (6th Cir. 2008) (cleaned up); *see also Tennessee v. Lane*, 541 U.S. 509, 522 (2004); *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 366-68 (2001).

Initially, the Plaintiffs do not allege that the Defendants treated the Student-Plaintiffs any differently than they would have treated other non-disabled students under similar circumstances.

10

Once again, they do not allege that anyone was motivated against them *because of* the Student-Plaintiffs' deafness.  Thus, the Plaintiffs have not raised a threshold issue for an Equal Protect Claim.

But setting aside this omission, the Second Amended Complaint itself sets forth a rational basis for The American School, at Hartford's decision to discontinue in-home virtual education – it believed that Ms. Moore had eavesdropped on the virtual classroom and had violated the Family Educational Records and Privacy Act (FERPA) in the process – presumably by becoming aware of the performance of other students in the virtual classroom.  If The American School, at Hartford believed that Ms. Moore had violated the agreement and had become privy to otherwise confidential information, even if this belief were in error, it would have had a rational basis for discontinuing in-home services and requiring the Student-Plaintiffs to receive services on the campus of Bradley County Schools' virtual school.

Simply put, the Plaintiffs have not pled a violation of the Equal Protection Clause on the basis of the Student-Plaintiffs' disability.  Not only have they failed to allege that the Defendants treated the Student-Plaintiffs differently on the basis of their deafness but also the Second Amended Complaint, on its face, sets forth a plausible, rational basis for The American School, at Hartford's decision to terminate in-home services.  This claim, therefore, must be dismissed.

## CONCLUSION

The Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.  As a whole, the Second Amended Complaint seeks redress for the alleged denial of educational benefits without the procedural due process protections set forth in the IDEA.  Having invoked the protections of the IDEA, the Plaintiffs may not be heard until they first exhaust the IDEA's administrative remedies.

11

With regard to the alleged disability discrimination claims under Title II, Section 504, and the Equal Protection Clause, the Second Amended Complaint does not allege facts that would permit this Court to infer that this Defendant intended to discriminate against the Student-Plaintiffs on the basis of their disability or failed to accommodate their disability.

**WHEREFORE, PREMISES CONSIDERED**, Bradley County Schools prays this Honorable Court to dismiss the Plaintiffs' Second Amended Complaint in its entirety.

Respectfully submitted,

BENNETT & DECAMP, PLLC

BY: /s/ *D. Scott Bennett*
D. SCOTT BENNETT – TNBPR: 015988
MARY C. DECAMP – TNBPR: 027182
*Attorneys for Defendant Bradley County Schools*
735 Broad Street
Suite 214
Chattanooga, TN 37402
Telephone: (423) 498-3789
dsb@bennettdecamp.com
mcd@bennettdecamp.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 24th day of July, 2026.

BY: /s/ *D. Scott Bennett*
D. SCOTT BENNETT – TNBPR: 015988

12