**BEFORE THE TENNESSEE DEPARTMENT OF EDUCATION**
**DIVISION OF SPECIAL EDUCATION**

IN THE MATTER OF:

D.E.M., THE STUDENT, and
E.M. AND D.M., THE PARENTS,
  *Petitioners,*

*v.*

BRADLEY COUNTY SCHOOLS,
  *Respondent.*

APD Case No. 07.03-254184J

## FINAL ORDER OF DISMISSAL

On August 1, 2025, Petitioners, D.E.M., the student, and E.M. and D.M., the parents, provided Respondent, Bradley County Schools, (the local education agency or LEA) with a due process complaint under the Individuals with Disabilities in Education Act (IDEA). The case is assigned to Administrative Judge Claudia Padfield.[1] Petitioners are representing themselves. Attorney Scott Bennett represents Respondent.

On August 5, 2025, the LEA filed a MOTION TO DISMISS. Pursuant to the IDEA, a determination on the LEA's motion must be made within five days. 34 C.F.R. § 300.508(d)(2). Based on review of the motion to dismiss and the complaint, it is determined that the MOTION TO DISMISS is well-founded and is hereby **GRANTED**.

### FINDINGS OF FACT

1.    Petitioner D.E.M. is a student with Bradley County Schools.

2.    Petitioner D.E.M. turned 18 years old on ███████.

3.    The due process complaint in the case was filed on August 1, 2025, by the student's parents, E.M. and D.M.

---

[1] Judge Padfield was assigned by the Administrative Procedures Division (APD) of the Office of the Tennessee Secretary of State to sit for the Tennessee Department of Education (Department). She is not employed by the Department.

**CONCLUSIONS OF LAW**

Under the IDEA, a state may provide that all special education rights accorded to the parents transfer to the student once the student reaches the age of majority. 20 U.S.C.A. § 1415(m). Tennessee has adopted such a provision and directed that "[a]ll special education related rights vest in the child when the child attains eighteen (18) years of age" unless the child has been declared incompetent. *See* TENN. COMP. R. & REGS. 0520-01-09-.21 (2021). Because the student is now legally an adult, the parents do not have legal authority to pursue this case on his behalf without legal counsel.

For this reason, this matter is hereby **DISMISSED**.

It is so **ORDERED**.

This FINAL ORDER entered and effective this the **7th day of August 2025**.

CLAUDIA PADFIELD
ADMINISTRATIVE JUDGE
ADMINISTRATIVE PROCEDURES DIVISION
OFFICE OF THE SECRETARY OF STATE

Filed in the Administrative Procedures Division, Office of the Secretary of State, this the **7th day of August 2025**.

**BEFORE THE TENNESSEE DEPARTMENT OF EDUCATION DIVISION OF SPECIAL EDUCATION**

IN THE MATTER OF:

E.M. AND D.M., THE PARENTS,
T.E.M., THE STUDENT,
    *Petitioners,*

v.

BRADLEY COUNTY SCHOOLS,
    *Respondent.*

          **APD Case No. 07.03-254185J**

## FINAL ORDER

On August 1, 2025, the Petitioners provided the Respondent with a due process hearing request under the INDIVIDUALS WITH DISABILITIES EDUCATION IMPROVEMENT ACT (IDEA).[1] On August 5, 2025, Respondent filed a challenge to the sufficiency of the complaint, alleging that the due process hearing request form fails to adequately comply with the legal requirements for filing a due process complaint and that Parents E.M. and D.M. lack standing to file the complaint for due process on adult Student T.E.M.'s behalf. Petitioners filed a response in opposition on August 6, 2025. Pursuant to 20 U.S.C. § 1415(c)(2)(D), a determination on Respondent's challenge must be made within five days. Based on a review of the due process hearing request form and the challenge to the sufficiency of the complaint, it is determined that the due process hearing complaint does not comply with the requirements of federal law, and it is **DISMISSED**.

## FINDINGS OF FACT

1.    The due process hearing request form was filed on August 4, 2025, and provided to Respondents on August 1, 2025.

2.    Under the section to describe the nature of the problem, Petitioners state:

---

[1] While the date on the form indicates that the form was received on September 16, 2023, that date was a Saturday.

[T.E.M.] was removed from Virtual @ home school due to allegation American School for the Deaf made against Parent that was false. No IEP meeting was held to discuss. No due process was offer [sic] after we request [sic] a meeting and the meeting request was refused by School and ASD. No proof or merit for removing Tyler from Home School and force him to attend a Virtual School at the distric [sic] building.

3.     Under the section to describe the proposed resolution, Petitioners state:

We expect ASD and Bradely [sic] to provide hard proof of the allegation. We excpect [sic] an opportunity for the Parent and the Student to a due process. Report cards show good grades. No issue from the ASD teachers online. No previous issue of concerns via emaili [sic] or certified mail.

Resolution: Meeting with Bradely [sic] County Schools and American School for the Deaf to discuss the allegation and to provide proof the child or the parent violated any of the rules set by ASD or Bradely County [sic].

4.     Petitioners' response to Respondent's challenge does not add any additional information or statements of what Petitioners believe is an appropriate resolution of the problem.

5.     The due process hearing request form fails to identify remedies that can address the problems about which the Petitioners complain. The remedies sought are to have a meeting and hearing to require Respondent to provide proof of an unspecified allegation.

## CONCLUSIONS OF LAW

The complaint in this case fails to sufficiently state "[a] proposed resolution of the problem to the extent known and available to the party at the time." *See* 34 C.F.R. § 300.508(b)(2). A due process complaint must include:

Content of complaint. The due process complaint required in paragraph (a)(1) of this section must include—

(1) The name of the child;

(2) The address of the residence of the child;

(3) The name of the school the child is attending;

(4) In the case of a homeless child or youth (within the meaning of section 725(2) of the McKinney–Vento Homeless Assistance Act (42 U.S.C. 11434a(2)), available contact information for the child, and the name of the school the child is attending;

(5) A description of the nature of the problem of the child relating to the proposed or refused initiation or change, including facts relating to the problem; and

(6) A proposed resolution of the problem to the extent known and available to the party at the time.

*Id.*

The law requires that a complaint initiating a due process hearing be sufficiently specific in its allegations to allow the responding party to understand what Petitioners believe Respondent has done or failed to do, how that action or inaction has harmed or interfered with the Student Petitioner's education, and what action the Petitioners propose to remedy the problem. *See, M.S.-G. v. Lenape Regional High School Dist. Bd. of Educ.*, No. 07-1567, 2009 WL 74396, at \*775 (3d Cir. Jan. 13, 2009). Those requirements are delineated in 34 C.F.R. § 300.508(b). Failure to comply with those minimum requirements will prevent the Petitioners from proceeding to a due process hearing. As the federal regulation states, "A party may not have a hearing on a due process complaint until the party … files a due process complaint that meets the requirements of [34 C.F.R. § 300.508(b)]." 34 C.F.R. § 300.508(c).

Here, the only proposed resolutions offered by Petitioners are to have a meeting to discuss an unspecified allegation and a due process hearing to determine whether Parent Petitioners or Student Petitioner violated any rules. Respectfully, those are procedural mechanisms, not *resolutions to the alleged problem.* And nothing in the due process complaint or response to the sufficiency challenge indicates what ultimate relief Petitioners request from the

hearing or meeting to address their alleged problem. Because the complaint fails to state "[a] proposed resolution to the problem to the extent known and available to the party at the time," it fails to comply with the requirements of the IDEA or the federal regulations. 20 U.S.C. § 1415(b)(7)(A)(ii)(IV); 34 C.F.R. § 300.508(b)(6).

Accordingly, this matter is **DISMISSED**. Nothing in this order precludes Petitioners from re-filing their claims or Respondent from asserting any defenses or arguments in response.[2]

It is so **ORDERED**.

This FINAL ORDER entered and effective this the **8th day of August 2025**.

**ALEXANDER S. RIEGER**
**ADMINISTRATIVE JUDGE**
**ADMINISTRATIVE PROCEDURES DIVISION**
**OFFICE OF THE SECRETARY OF STATE**

Filed in the Administrative Procedures Division, Office of the Secretary of State, this the **8th day of August 2025**.

---

[2] Parent Petitioners are cautioned that Respondent has challenged their standing to represent Student Petitioner given Student Petitioner's majority, Tennessee's prohibitions on the unauthorized practice of law, and the confines of the educational power of attorney for Student Petitioner. While this Final Order necessarily rules on the challenge based solely upon the requirements of 34 C.F.R. § 300.508(b)(5) given the limited timeframe in (c), should Petitioners re-file their due process complaint, they may well find themselves responding to a renewed motion to dismiss on this basis.

Page 4 of 4