**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **EILEEN MOORE, as biological mother, next friend, and power of attorney/ attorney-in-fact for DONALD E. MOORE and TYLER E. MOORE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1:26-cv-00031** |
| **BRADLEY COUNTY SCHOOLS, AND THE AMERICAN SCHOOL AT HARTFORD FOR THE DEAF,** | ) | |
| **Defendants.** | ) | |

**<u>BRADLEY COUNTY SCHOOLS' RESPONSE TO PLAINTIFFS' MOTION TO ALTER OR AMEND</u>**

**NOW COMES** Bradley County Schools, by and through counsel, and, for response to the Plaintiffs' Motion to Alter or Amend this Court's Order dismissing their case, would show this Court that the Plaintiffs have not set forth grounds under Rule 59 of the *Federal Rules of Civil Procedure* to warrant this remedy. In particular:

1. The Plaintiffs couch their Motion under the guise of Rule 15(a)(2), and district courts generally grants such motions "freely when justice so requires." However, inasmuch as this Court has already dismissed the Plaintiffs' Second Amended Complaint, the Plaintiffs have the burden of satisfying the much higher standard of Rule 59, *i.e.*, showing "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

2. The Supreme Court has recently cautioned lower courts that "a party seeking to reopen his case [under Rule 60] and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *Blom Bank Sal v. Honickman*, 605 U.S. 23-1259 (Jun 05, 2025) at *8. The Court explained that Rule 15's "purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. That standard, however, does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend." *Id.* at * 11 (cleaned up).

3. By the force of the same logic, the Sixth Circuit has resisted the urgings of plaintiffs to conflate the liberal standards under Rule 15 with the more exacting requirements of Rule 59. The Court of Appeals notes that

> Rule 15 requests to amend the complaint are frequently filed and, generally speaking, "freely" allowed. But when a Rule 15 motion comes *after* a judgment against the plaintiff, that is a different story. Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation. If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision.

*Leisure Caviar*, 616 F.3d at 615-616.

4. In the case at bar, the Plaintiffs do not contend that the Court misunderstands the law, and they have made scant effort to argue that the Court has misread the Second Amended Complaint. Instead, largely ignoring pp. 13-15 of the Court's Memorandum Opinion, and with no citation to authority, Plaintiffs assert they should not have to allege the Defendants failed to offer reasonable accommodation in support of their failure to accommodate claim. However, that is precisely what they had to allege. These are not technical "buzz words," (*see* Doc. 35, PageID # 175); these are fundamental aspects of a *prime facie* case.

5. The Plaintiffs' Motion is simply a request for a judicial Mulligan – an effort to replead now that this Court has spelled out the inadequacies of the Second Amended Complaint. That is not the purpose of Rule 59.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs' Motion to Alter or Amend is not well taken and should be denied.

Respectfully submitted,

BENNETT & DECAMP, PLLC

BY: /s/ *D. Scott Bennett*

D. SCOTT BENNETT – TNBPR: 015988
MARY C. DECAMP – TNBPR: 027182
*Attorneys for Defendant Bradley County Schools*
735 Broad Street
Suite 214
Chattanooga, TN 37402
Telephone: (423) 498-3789
dsb@bennettdecamp.com
mcd@bennettdecamp.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 6th day of November, 2026.

BY: /s/ *D. Scott Bennett*

D. SCOTT BENNETT – TNBPR: 015988