IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| **EILEEN MOORE, as biological mother, next friend, and power of attorney/attorney-in-fact for DONALD E. MOORE and TYLER E. MOORE,** | ) | |
| **Plaintiff,** | ) | **Case No.: 1:26-cv-00031** |
| **v.** | ) | **JURY DEMANDED** |
| **BRADLEY COUNTY SCHOOLS, AND THE AMERICAN SCHOOL, AT HARTFORD, FOR THE DEAF,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO ALTER OR AMEND OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Plaintiffs, by and through counsel, submit this reply to the separate responses of Bradley County Schools (Doc. 36) and The American School, at Hartford, for the Deaf ("ASD") (Doc. 37).

**INTRODUCTION**

Defendants' responses rest on a single theme: that an adverse judgment is all but untouchable, and that a curable pleading defect becomes permanent the moment it is entered. That is not the law. Plaintiffs filed a timely motion under Rule 59(e) within the 28-day window asking the Court to correct a clear legal error and, in the alternative, to permit a first repleading to cure the two deficiencies the Court identified. Defendants answer with the standard governing a wholly different motion, misstate what Plaintiffs must show, and ignore the controlling Sixth Circuit authority that resolves this motion in Plaintiffs' favor.

Three points dispose of the oppositions. First, Defendants conflate a timely Rule 59(e) motion with a Rule 60(b) motion; the Supreme Court has just confirmed they are not the same, and the heightened threshold Defendants import applies only to the latter. Second, where a timely Rule 59(e) motion accompanies a request for leave to amend, the Sixth Circuit evaluates both under the same factors, and those factors favor amendment where, as here, the dismissal was the first adverse ruling, Plaintiffs had no prior notice the Court considered the pleading a defect, and the proposed amendment merely cures that defect. Third, on the merits, the Court's requirement that Plaintiffs plead a second, post-disruption "particular communication" demanding accommodation is a clear legal error: controlling precedent forbids dismissing a complaint for failing to recite magic words, and excuses a formal request where the defendant already knows of the disability, the limitation, and the needed accommodation, as Defendants indisputably did here.

## ARGUMENT

### I. A TIMELY RULE 59(E) MOTION IS NOT SUBJECT TO THE RULE 60(B) THRESHOLD DEFENDANTS INVOKE, AND WHERE IT ACCOMPANIES A REQUEST TO AMEND, THE TWO INQUIRIES TURN ON THE SAME FACTORS.

Both Defendants build their oppositions on the premise that Plaintiffs must clear a heightened burden to "reopen" a closed case before Rule 15 can have any role. ASD frames both of Plaintiffs' requests as ones that "require the displacement of a final Judgment." Bradley County goes further, citing *BLOM Bank* for the proposition that a party "must first satisfy Rule 60(b) . . . before Rule 15(a)'s liberal amendment standard can apply." That argument misreads both the posture of this case and the authority Defendants cite.

Plaintiffs did not move under Rule 60(b). They moved, timely, under Rule 59(e). The distinction is significant. In *BLOM Bank SAL v. Honickman*, the Supreme Court held that a Rule 60(b)(6) movant seeking to reopen a case and replead must first demonstrate "extraordinary

circumstances" before Rule 15(a) applies, but it expressly confined that rule to Rule 60(b) and distinguished Rule 59(e). (*BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213-214, 145 S. Ct. 1612, 1620–1621, 221 L. Ed. 2d 850 (2025)). The Court explained that *Foman v. Davis* "dealt with Rule 59(e), not Rule 60(b)," and that "Rule 60(b) differs from Rule 59(e) in just about every way that matters to the inquiry here." (*BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215-216, 145 S. Ct. 1612, 1622, 221 L. Ed. 2d 850 (2025)). Critically, "[t]he filing of a Rule 59(e) motion within the 28-day period 'suspends the finality of the original judgment,'" so that "[b]ecause Rule 59(e) does not threaten the finality of judgments to the same degree that Rule 60(b)(6) does, we do not require a movant to show the same 'extraordinary circumstances' to receive relief." (*BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215–216, 145 S. Ct. 1612, 1622, 221 L. Ed. 2d 850 (2025)). The *BLOM Bank* Court drew that line directly from *Banister v. Davis*, which holds that a timely Rule 59(e) motion "suspends the finality of the original judgment" and is "a limited continuation of the original proceeding," while a Rule 60(b) motion "attacks an already completed judgment." (*Banister v. Davis*, 590 U.S. 504, 508-509, 140 S. Ct. 1698, 1703–1704, 207 L. Ed. 2d 58 (2020); *Banister v. Davis*, 590 U.S. 504, 519-521, 140 S. Ct. 1698, 1710–1711, 207 L. Ed. 2d 58 (2020)).

Defendants' reliance on *BLOM Bank* and on *In re Ferro* thus proves the opposite of what they claim. The very passage of *BLOM Bank* that Bradley County invokes describes the Rule 60(b)(6) threshold, and *BLOM Bank* cites *In re Ferro* precisely as a Rule 60(b)(6) case. (*BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213-214, 145 S. Ct. 1612, 1620-1621, 221 L. Ed. 2d 850 (2025)). Plaintiffs' judgment is not yet final in the sense those cases address; their timely Rule 59(e) motion suspended its finality. (*Banister v. Davis*, 590 U.S. 504, 508-509, 140 S. Ct. 1698, 1703-1704, 207 L. Ed. 2d 58 (2020)). The Rule 60(b) "extraordinary circumstances" gauntlet has no application here.

What does govern is settled. Under Rule 59(e), the Court "may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." (*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)) And where, as here, "a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors." (*Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). Those are the *Foman* factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of the amendment." (*Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002)). Rule 15's liberal policy is tempered post-judgment by the interest in finality, but it is not displaced by a Rule 60(b) standard that does not apply. (*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-616 (6th Cir. 2010)).

## II. THE COURT'S REQUIREMENT OF A SECOND, POST-DISRUPTION "PARTICULAR COMMUNICATION" IS A CLEAR ERROR OF LAW.

Defendants insist that Plaintiffs merely "reargue" the case and identify no clear error. Not so. Plaintiffs identify a specific, dispositive legal error: the conclusion that the failure-to-accommodate claim fails because Plaintiffs did not plead a separate, post-disruption "particular communication" requesting the accommodation Defendants had already agreed to provide. That holding cannot be squared with controlling law.

The Supreme Court has held that federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," and that "no heightened pleading rule requires plaintiffs . . . to invoke [a particular legal formula] expressly in order to state a claim." (*Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 346-347, 190 L. Ed. 2d 309 (2014)). Where a plaintiff has "informed the [defendant] of the factual

basis for their complaint, they [are] required to do no more to stave off threshold dismissal." (*Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014)). Dismissal for failure to recite a formal request—a "particular communication"—is precisely the "battle[] over mere form of statement" that Rule 8 forecloses. (*Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 346-347, 190 L. Ed. 2d 309 (2014)).

The substantive accommodation law confirms the error. A plaintiff need not allege a formal request where the defendant already knows of the need. The Sixth Circuit's request requirement "may not be absolute": "a covered entity may need to proactively institute accommodations where the need for accommodation is 'obvious,'" and a plaintiff "is not required to use magic words such as 'accommodation' and 'disability.'" (*G.E. v. Williamson Cnty. Bd. of Educ.*, 731 F. Supp. 3d 954, 992–993 (M.D. Tenn. 2024)). What matters is "not formalisms about the manner of the request, but whether the [plaintiff] provides the [entity] with enough information that, under the circumstances, the [entity] can be fairly said to know of both the disability and desire for an accommodation." (*Allen v. Middle Tennessee Sch. of Anesthesia, Inc.*, No. 3:20-CV-00903, 2022 WL 10551094 (M.D. Tenn. Oct. 18, 2022)). The pleading standard in the education context asks whether the defendant "was on notice of the need for [the] disability-related services," not whether the plaintiff uttered a particular phrase. (*S.P. v. Knox Cnty. Bd. of Educ.*, 329 F. Supp. 3d 584, 592 (E.D. Tenn. 2018))

That exception is not a stretch on these facts; it is the heart of them. The obvious-need exception requires that the disability, the resulting limitation, and the necessary accommodation all be apparent to the defendant. (*G.E. v. Williamson Cnty. Bd. of Educ.*, 731 F. Supp. 3d 954, 992-993 (M.D. Tenn. 2024)). Here, all three were not merely apparent; they were established by the parties' own prior course of dealing. Donald and Tyler are deaf; their medical providers

"uniformly . . . advised that any substantial disruption in the . . . educational environment would greatly and adversely impact progress"; and both Defendants knew of those opinions "prior to . . . the express agreement of [ASD] to provide services and instruction . . . at Plaintiffs' residence." Defendants did not merely know of the need; they agreed to the specific accommodation and provided it for months before unilaterally withdrawing it. A defendant that has already granted and administered an accommodation plainly "know[s] of both the disability and [the] desire for an accommodation." (*Allen v. Middle Tennessee Sch. of Anesthesia, Inc.*, No. 3:20-CV-00903, 2022 WL 10551094 (M.D. Tenn. Oct. 18, 2022)). To require the disabled student to lodge a fresh, formal demand that the defendant resume what it had unilaterally stopped is to require the accommodation be requested twice. The law does not demand that formalism. (*Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 346–347, 190 L. Ed. 2d 309 (2014)).

The authorities the Court relied upon are not to the contrary; they involved plaintiffs who never obtained or requested the accommodation in the first place, not a defendant's withdrawal of an accommodation it had already agreed to and provided. Reasonable-accommodation claims "demand a highly fact-specific inquiry," and the Sixth Circuit has expressly left open "case-by-case arguments . . . that unduly restrictive . . . placements fail to reasonably accommodate" a disabled person's needs. (*Knox Cnty., Tennessee v. M.Q.*, 62 F.4th 978, 1000 (6th Cir. 2023)). Whether Bradley County's brick-and-mortar alternative was reasonable in light of the medical warnings is exactly such a fact-specific question, one that cannot be resolved against Plaintiffs on the pleadings. Treating Plaintiffs' omission of magic words as a basis for dismissal with prejudice was clear error and works a manifest injustice.

## III. IN THE ALTERNATIVE, LEAVE TO AMEND SHOULD BE GRANTED BECAUSE THE PROPOSED THIRD AMENDED COMPLAINT CURES THE IDENTIFIED DEFECTS AND IS NOT FUTILE.

Even if the Court does not vacate on clear-error grounds, the *Foman* factors that govern a post-judgment request for leave, applied through the same-factors rule of *Morse,* favor amendment. (*Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)).

*Morse v. McWhorter* is directly on point and controls. There, the Sixth Circuit held that a district court abuses its discretion in denying post-judgment leave where the plaintiffs had no notice that their earlier filing was inadequate, where the proposed amendment "does not add new substantive claims or overhaul plaintiffs' theory of the case, but merely attempts to remedy the defects identified" by the court, and where there was no bad faith. (*Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); *Morse v. McWhorter*, 290 F.3d 795, 800-801 (6th Cir. 2002)). The court was "reluctant to penalize" plaintiffs for failing to amend earlier "without [prior] notice . . . that merely" proceeding as they did "was inadequate." (*Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). And it found no undue prejudice where the amendment "merely attempts to remedy the defects identified" rather than adding new claims. (*Morse v. McWhorter*, 290 F.3d 795, 800–801 (6th Cir. 2002)).

Each of those features is present here. The October 7, 2026, Opinion was the first ruling on the sufficiency of Plaintiffs' pleading; nothing before it from this Court put Plaintiffs on notice that the Court would require a separate post-disruption request or an express allegation of unreasonableness. The proposed Third Amended Complaint adds no new claims and no new theory—it pleads the same ADA, Section 504, Section 1983, and IDEA claims arising from the same unilateral cessation of in-residence instruction. It does exactly what *Morse* approves: it "remed[ies] the defects identified" by the Court. (*Morse v. McWhorter*, 290 F.3d 795, 800–801

(6th Cir. 2002)). Specifically, it now alleges that "[t]he brick-and-mortar virtual school offered by Bradley County Schools was an unreasonable accommodation because both Defendants had been told that any cessation of services at Plaintiffs' residence would cause a substantial disruption," and that "Defendants knew that it was not a reasonable accommodation and specifically agreed to provide services at Plaintiffs' residence."

Because the amendment supplies the very allegations the Court found missing, it is not futile—the dispositive *Foman* consideration. And no delay here is "undue": delay alone does not justify denial, and Plaintiffs moved within 19 days of the judgment, in good faith and with no dilatory motive. (*Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002)). Defendants, who have not yet answered, identify no prejudice beyond the ordinary inconvenience of further motion practice—which *Morse* holds "does not rise to the level of prejudice that would warrant denial of leave to amend." (*Morse v. McWhorter*, 290 F.3d 795, 800–801 (6th Cir. 2002)).

## IV. DEFENDANTS' "NEWLY DISCOVERED EVIDENCE" AND "SOUNDING BOARD" ARGUMENTS MISS THE GOVERNING STANDARD.

ASD argues that because Plaintiffs' new allegations were "known . . . before the Second Amended Complaint was filed," Plaintiffs must show they constitute "newly discovered evidence" under Rule 59(e). That is a strawman. Plaintiffs do not contend the proposed allegations are newly discovered evidence; they do not need to. The new-evidence ground is one of four independent routes to Rule 59(e) relief; Plaintiffs proceed on clear error and manifest injustice. (*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)) For the alternative request to amend, the controlling question is futility and the other *Foman* factors, not whether the facts were previously available. (*Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002)). Rule 15 routinely permits amendment to add facts a party already knew; otherwise no post-

judgment amendment to cure a pleading defect could ever succeed, a result *Morse* squarely rejects. (*Morse v. McWhorter*, 290 F.3d 795, 800–801 (6th Cir. 2002)).

Defendants' invocation of the "sounding board" and "judicial Mulligan" concerns is likewise misplaced. That concern guards against plaintiffs who litigate a case to conclusion, then exploit the court's reasoning to reopen and relitigate. (*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615–616 (6th Cir. 2010)). It has no purpose where a single Rule 12(b)(6) dismissal, entered before any answer, before discovery, and on the first test of the pleadings, is met with a prompt, good-faith request to cure. Granting leave in that posture vindicates, rather than undermines, Rule 15's purpose of deciding claims "on [their] merits rather than on procedural technicalities." (*BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213–214, 145 S. Ct. 1612, 1620–1621, 221 L. Ed. 2d 850 (2025)). It is respectfully submitted that the appropriate course is to alter the judgment to a dismissal without prejudice and permit the amendment.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion, vacate its October 7, 2026, Judgment, and permit this case to proceed on the merits. In the alternative, Plaintiffs request that the Court alter the Judgment to a dismissal without prejudice and grant Plaintiffs leave to file the Third Amended Complaint attached to their motion as Exhibit A.

Respectfully submitted this 12th day of November, 2026.

**LAW OFFICE OF ARTHUR F. KNIGHT, III**

*/s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
Phone: 865-252-0430
art@artknightlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2026, a copy of the foregoing Plaintiffs' Reply in Support of Their Motion to Alter or Amend or, in the Alternative, for Leave to File a Third Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Arthur F. Knight, III*
Arthur F. Knight, III